IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DONACIANO GONZALES, PRO SE, § <br> TDCJ-CID No. 727398, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PAUL SLOAN, Assistant Warden, § <br> JOE GRIMES, Assistant Warden, § <br> RICCI MOUNSEY, JURADO TITTA, § <br> PAMELA BARRIENTEZ, V. CARTER, and § <br> HOMER PETTY, Offender, TDCJ #1332626, § <br> § <br> Defendants. § | 2:08-CV-0080 |

**REPORT AND RECOMMENDATION**

On April 11, 2008, the instant cause was received by transfer from the United States District Court for the Western District of Texas, Midland-Odessa Division, to the United States District Court for the Northern District of Texas, Amarillo Division. Plaintiff DONACIANO GONZALES, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and was granted permission to proceed in forma pauperis.

By his complaint, filed April 1, 2008, plaintiff complains there has been a hold on his inmate trust fund account since sometime after April of 2005 and that he has been unable to make commissary purchases. Plaintiff also complains that, from September 20, 2007 until November 24, 2007, he was housed with inmate HOMER PETTY. Plaintiff alleges defendant inmate PETTY was infected with tuberculosis and that plaintiff received "no medical help."

Plaintiff requests copies of all his grievances and his medical file "to enter it into evidence etc." Plaintiff makes no other request for relief.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff does not dispute the existence or legitimacy of the hold on his inmate trust fund account; he merely complains that he was unable to make commissary purchases because of it. This allegation does not show that plaintiff was deprived of the "minimal civilized measure of

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

life's necessities," *see, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991), and was, therefore, subjected to conditions of confinement which violated the Eight Amendment prohibition against cruel and unusual punishment.  Moreover, to the extent plaintiff may have been unable to purchase legal supplies, or to obtain as many legal supplies as he wished through provisions for indigent prisoners, plaintiff has not alleged any fact showing he has suffered an actual injury stemming from the defendants' alleged unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). Actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis,* 518 U.S. at 348.  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  *Lewis,* 518 U.S. at 349.

   Lastly, plaintiff alleges he was housed for about two months with an inmate who had tuberculosis, defendant PETTY.  Plaintiff does not indicate the inmate was contagious at the time.  Plaintiff does not allege he contracted tuberculosis from this inmate or that he suffered any other harm.  Plaintiff does not indicate which, if any, of the named defendants he claims were responsible for this housing assignment.  Further, plaintiff alleges no fact to support any allegation that the assignment was made with knowledge of inmate PETTY's condition or that there was any danger of serious injury posed to a cellmate.  Therefore, plaintiff has failed to state a claim of deliberate indifference against any of the defendants.

   Construing the facts in plaintiff's favor, they support, at best, a claim of negligence; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not

for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not constitute a valid section 1983 claim.").

As to any claim against defendant inmate PETTY, two elements are necessary for recovery in a section 1983 suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Plaintiff has not met his burden of alleging facts to show inmate PETTY acted under color of state law or that he deprived plaintiff of a constitutional right. Plaintiff has failed to state a claim against inmate PETTY on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DONACIANO GONZALES be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of February, 2010.

/s/ Clinton E. Averitte
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).